GERTRUDE B. VAUGHAN V. CHARLES H. WISNER, CIRCUIT JUDGE OF GENESEE COUNTY.

DIVORCE—PUBLISHING IN NON-RESIDENT DEFENDANT—SERVICE OF ORDER FOR DEFENDANT'S APPEARANCE.

Relator applied for *mandamus* to compel the respondent to hear her case, and if in his judgment the proofs taken therein entitled her to a decree of divorce to grant such decree, the sole reason given by the respondent for refusing to hear said case being that the order of publication made and entered therein had not been served on the defendant within the State of Michigan as, in his opinion, was required by Act No. 202, Laws of 1895. An order to show cause was waived, there being no dispute as to the facts, and on December 19, 1896, a writ of *mandamus* was granted.

*Durand & Carton*, for relators, contended:

1. That under Act No. 202, Laws of 1895, amendatory of How. Stat. § 6231, which provides, among other things, that no decree of divorce shall be granted in any case "unless the defendant shall have been personally served with process in this State, or with copy of the order of publication in said cause, or has voluntarily appeared in such action or pro-

ceeding," the court has the power to hear a divorce case and grant a decree therein, provided, first, that the defendant shall have been personally served with [process in this State, or second, if the defendant shall have been personally served with a copy of the order of publication in the cause, whether served in this State or elsewhere, or third, if the defendant has voluntarily appeared in such action or proceeding; that it has always been the policy of the State to enforce proceedings against absent or non-resident defendants by publication, and the object of the legislation in the act referred to was simply to prevent divorces from being obtained unless the defendant was notified of the pendency of the proceeding either by the service of the process upon him, if to be found in the State, or by serving a copy of the order of publication upon him if he were outside of the State; that the object of the legislation is to prevent fraudulent divorces secretly obtained and without the knowledge of the defendant; that this object was fully accomplished when a copy of the order of publication was personally served on the defendant in Seattle, where he was then living.

2. That should the contention of the respondent be held to be correct, it would be impossible to get a divorce from any defendant who chose to absent himself from this State so that he could not be served with process or a copy of the order of publication; that, in fact, such a construction would render any publication in divorce cases useless, because if it were necessary that the copy of the order should be served on defendant *in this State*, it would not be necessary to have the order, as it would be easier and more to the point to serve process on him as the complainant is entitled to do in any case if the defendant is in the State.

The facts as established by the petition and admitted by the answer were:

*a*—That on January 10, 1896, relator filed in the circuit court for Genesee county, in chancery, a bill for divorce; that at the time the bill was filed the defendant resided in the city of Seattle in the state of Washington; that on the day the bill was filed an order for the appearance of the defendant, based upon an affidavit of his non-residence, was issued; that said order was duly published as required by law; that on March 24, 1896, proof of such publication was filed in the case; that on June 20, 1896, the

bill was taken as confessed, and a reference ordered to a circuit court commissioner of Genesee county to take the proofs; that on the same day said proofs were taken, and reported to the court, and were on the same day supplemented by proofs taken in open court.

b—That on October 12, 1896, a true copy of said order of publication, together with an offer to set aside said orders *pro confesso* and of reference, were personally served upon the defendant at said city of Seattle; that within a few days after such service relator received a letter from an attorney at law at Seattle, who claimed to be attorney for said defendant, in which he stated that the defendant would not appear in the cause; that relator's solicitors waited until December 14, 1896, in order to give said defendant an opportunity to appear, and he not having appeared nor filed a plea, answer, or demurrer to said bill, said cause was brought on for hearing before said court; that respondent, who was the presiding judge of said court, refused to hear said case for the sole reason that said order of publication was not served on said defendant within the State of Michigan.